GEORGE W. CAREY, *et al.*, v. R. D. REEVES, *et al.*

1. SERVICE BY PUBLICATION; *Sufficient Affidavit.* On January 17, 1861, an action was commenced in the district court of Shawnee county, Kansas, to reform a real-estate mortgage the same, and to foreclose the same, and the service of summons was obtained only by publication. The affidavit for such service stated, among other things, "That the said defendant has removed from the said county of Shawnee and now resides in that region of country known as Pike's Peak, and that service of summons cannot be made on said defendant within this territory." When this affidavit was filed is not shown. The mortgage was reformed and foreclosed, and the defendants in this action hold title to the real estate in controversy under the foreclosure judgment, and the plaintiffs now in a collateral proceeding attack the sufficiency of the affidavit. *Held,* Under the circumstances of this case, that the affidavit will be considered as sufficient.

2. JURISDICTION; *Presumption.* In the absence of any showing to the contrary, it will be presumed that the district court had jurisdiction to render the judgment which it did render; and if it were necessary to presume that the affidavit was filed after January 29, 1861, it will be so presumed.

3. PUBLICATION; *Affidavit, Held Sufficient.* Where an action is commenced to reform and foreclose a real-estate mortgage, the reformation of the mortgage is not a separate action but a mere incident to the foreclosure, and where everything pertaining to the action except the affidavit for service by publication is amply sufficient and the affidavit for publication is sufficient in every particular except that it does not mention specifically the reformation of the mortgage, *held,* that the affidavit will nevertheless, when attacked in a collateral proceeding, be considered as sufficient.

*Error from Shawnee District Court.*

ACTION brought by *George W. Carey* and *Cornelius Bray,* on October 26, 1883, against *R. D. Reeves, M. D. Reeves* and

*M. B. Cole,* to quiet the plaintiffs' title to the southeast quarter of section 15, township 13, range 15 east, in the county of Shawnee. The plaintiffs filed the following petition to wit, (court and title omitted:)

"Said plaintiffs complain of said defendants, for that said plaintiffs are in the actual and peaceable possession of the following described lands and tenements, situate in Shawnee county, state of Kansas, to wit: The southeast quarter of section fifteen, township thirteen, range fifteen east; and said defendants claim some estate or interest therein adverse to said plaintiffs, under and by virtue of certain proceedings had, and a sale of said premises made thereunder by the sheriff of said Shawnee county, in a certain action brought in the district court of the second judicial district of the territory of Kansas, on the 17th day of January, 1861, wherein Reuben H. Farnham was plaintiff, and one James McCamman was defendant, being civil action numbered 268 on the dockets and records of said court, still preserved in this court; which action was brought to correct an alleged mistake in the description in a pretended mortgage alleged therein to have been executed by said James McCamman, so that said mortgage should describe and be a lien upon the said premises hereinbefore described, instead of another and entirely different tract of land, which was the only tract, as it was alleged, actually described in said mortgage; and which action was further brought for the foreclosure of said mortgage, when and as so corrected, and the sale of the premises hereinbefore described thereunder. And said mistake was by decree in said action so corrected, and said premises decreed to be sold, and were sold to said Reuben H. Farnham, the plaintiff in said action, under whom, and solely on account of the pretended title thus derived, said defendants, through divers mesne conveyances, claim said adverse interest and estate in said premises. But said plaintiffs aver that said proceedings and decree, so far as the attempted correction of said alleged mortgage was concerned, and so far as concerned the sale and conveyance of the above-described premises, were and are, all of them, wholly void, because no process of any kind whatever was ever served upon said James McCamman in said action, nor did he ever appear therein in person, or by attorney, or otherwise; and the sole and only process or notice served or given in said action was a notice of the commencement thereof, pub-

lished in a newspaper published in said county, based upon an affidavit, of which the following is a copy, except the title and jurat:

'Wilson Shannon, being duly sworn, deposeth and saith that he is the attorney of record for the above-named plaintiff, in the above-entitled cause; that the said plaintiff is a resident of New York, and is now absent from this territory; that the said plaintiff, on the —— day of January, 1861, filed in said court a petition against the said James McCamman, defendant, praying that certain lands situate in said county may be decreed to be sold to satisfy a mortgage given by the said defendant to the said plaintiff, to secure the payment of a certain sum of money therein named; and that the said defendant has removed from the said county of Shawnee, and now resides in that region of country known as Pike's Peak; and that service of a summons cannot be made on the said defendant within this territory; and that the plaintiff wishes to obtain a service on said defendant by publication. And further this affiant saith not.'

"And no other affidavit for said service by publication was ever filed in said action, and no other service was ever made therein on said James McCamman, than said service by publication; and the decree therein was upon default, and without any appearance therein by or for said James McCamman; all of which matters and things fully appear by the record of said action remaining in this court; by reason whereof, said decree correcting said alleged mistake, and ordering the sale of said premises was wholly void, and without said court having any jurisdiction to make said decree or order; that said plaintiffs, by due conveyance, are in the actual and peaceable possession of said premises, under claim and color of the title of said James McCamman thereto, which said defendants adversely claim to have derived from him, as aforesaid.

"Wherefore, said plaintiffs pray that their title may be forever quieted against said adverse claims, and that said defendants may be forever enjoined from asserting or claiming any title to or interest or estate in said premises, and for all proper relief."

The defendants demurred to this petition, upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained by the district court; to which ruling the defendants excepted, and now bring the case to this court.

*G. C. Clemens*, and *George W. Carey*, for plaintiffs in error.
*H. H. Harris*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The only questions involved in this case are: First, has the district court jurisdiction to correct a mistake in a real-estate mortgage and to foreclose the mortgage in the same action, when the only service of summons is by publication? Second, is such a service of the summons sufficient when attacked collaterally and upon the facts of this particular case? The plaintiffs in this present action claim that the service of the summons in the aforesaid reformatory and foreclosure suit, which was by publication only, was not and is not sufficient, for the following reasons: First, that the affidavit upon which the publication service was made does not state or show that the defendant was at the time a non-resident of Kansas; and second, that it does not state or show anything with reference to the desired reformation of the mortgage. And they further claim that no jurisdiction of either the subject-matter of the action or of the defendant in the action, can be obtained in any case like the aforesaid reformatory and foreclosure action by any service by publication, for the reasons: First, that the mortgage in such a case, being defective with reference to the description of the land intended to be mortgaged, could not be foreclosed as to such land until the mortgage was reformed; and second, that such reformation of the mortgage can never be accomplished by any mere service by publication, for the reason that such reformation constitutes a separate cause of action from the desired foreclosure of the mortgage, and is a proceeding purely *in personam*, and not at all a proceeding *in rem;* and no proceeding *in personam* can ever be effectively instituted or maintained on any mere service by publication. All these questions are raised collaterally; and are so raised by the present plaintiffs in this action brought by them to quiet their title to the land in controversy as against the title held by the present defendants under the said reformatory and foreclosure proceedings, and are not raised directly or in the original action in which the mortgage was reformed and foreclosed.

46—32 KAS.

The statute governing the proceedings had in the reformatory and foreclosure action, including the service of the summons therein, was the code of civil procedure of 1859. (Comp. Laws of 1862, ch. 26, titles 4 and 5, and especially §§ 52, 78, 79. See also title 11, § 385 of the same chapter.) This code provides for service of summons by publication in foreclosure actions, (§§ 52, 78, 79,) and also "in actions which relate to, or the subject of which is, real or personal property in this territory [state], where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a non-resident of the territory [state], or a foreign corporation," (§§ 78, 79,) and provides for the filing of an affidavit as the foundation of such service, in the following words, to wit:

"SEC. 79. Before service can be made by publication, an affidavit must be filed that service of a summons cannot be made within this territory on the defendant or defendants, to be served by publication, and that the case is one of those mentioned in the preceding section. When such affidavit is filed, the party may proceed to make service by publication."

It seems to be admitted that everything in the said reformatory and foreclosure action was sufficient in every respect, excepting the affidavit for publication service; and it is claimed that such affidavit is defective for the reasons and in the respects above mentioned.

We shall now proceed to consider the questions raised by the plaintiffs in the present action.

Does the affidavit for publication show that the defendant in that action was a non-resident of Kansas at the time when such affidavit was filed? The affidavit states, "that the said defendant has removed from the said county of Shawnee, and now resides in that region of country known as Pike's Peak, and that service of summons cannot be made on said defendant within this territory." When this affidavit was filed is not shown. It is alleged that action was commenced on January 17, 1861, and the affidavit shows that the petition was

filed "on the —— day of January, 1861." But there is nothing to show when the affidavit was in fact filed. If it was filed prior to January 29, 1861, the region of country known as Pike's Peak, or a portion thereof, was in Kansas; but if the affidavit was filed after January 29, 1861, then such region was not in Kansas, and no part thereof was in Kansas. And it devolves upon the plaintiffs to show clearly and affirmatively when this affidavit was filed; or, in other words, to show clearly and affirmatively that the facts were such that the district court could not have had jurisdiction to render the judgment which it did render in the reformatory and foreclosure action. As the district courts of this state are courts of general and superior jurisdiction, it will be presumed, in the absence of any showing to the contrary, that they possessed all the jurisdiction that was necessary for them to possess in order to render the judgment or order, which it is shown they in fact did render. All presumptions are in favor of the jurisdiction of the court. In this case, if it were necessary to presume that the affidavit was filed at a time when no part of the region of country known as Pike's Peak was in Kansas, it will be so presumed. But does not the affidavit itself show that such was the fact, or at least that the defendant did not reside in any region of country included in the boundaries of Kansas, but resided outside of the territory of Kansas? If his residence was in Kansas, he could have been served with a summons in Kansas by leaving a duly-certified copy thereof at his usual place of residence. (Civil Code of 1859, §§ 66, 70.) But the affidavit shows that a summons could not have been served on the defendant within the territory of Kansas. We suppose that when the plaintiffs in this action say that the foreclosure action was commenced on January 17, 1861, they mean that the petition was filed on that day. But when the affidavit was filed, or when the service was made, is not shown; nor is it shown when the judgment was rendered. It may have been in 1861, or in 1862, or in some subsequent year. We cannot say that the court below erred in deciding against the plaintiffs in this particular.

Does the affidavit state or show anything with reference to the reformation of the mortgage? The object of the suit was not the mere reformation of the mortgage. The main object of the suit was to foreclose the mortgage and to sell the mortgaged property; and the reformation of the mortgage was a mere incident to the foreclosure thereof. And the affidavit was undoubtedly sufficient for the foreclosure. In this state a person has a right to obtain service by publication in any action to foreclose a mortgage. (Civil Code of 1859, §§ 52, 78, 79.) And he also has a right to obtain such a service in any action which relates to real estate, or in any action of which real estate is the subject. (Civil Code of 1859, §§ 78, 79.) And the reformation of a real-estate mortgage by correcting the description of the real estate intended to be mortgaged, as well as the foreclosure of the mortgage, is certainly an action relating to real estate, if such a reformation under such circumstances can be considered as an action at all.

In this case, we think that the reformation of the mortgage was not an action at all, but was a mere incident to the main action for foreclosure. It was a mere step in the foreclosure of the mortgage, and the publication notice and the petition in the foreclosure action undoubtedly informed the defendant in that action as to just what was desired. An affidavit for publication service is not intended in any case as a notice to the defendant. It is the notice itself as published in the newspaper that is intended to give notice to the defendant, and no complaint is made in this action as to the notice that was given in that action. We think the affidavit was sufficient with respect to both the foreclosure of the mortgage and the reformation thereof. It showed that the action was for the foreclosure of a mortgage and the sale of the mortgaged property, and that the entire action related to certain real property situated in Shawnee county, Kansas. And now as it is attacked only in a collateral proceeding, we hold it to be sufficient.

The order and judgment of the court below will be affirmed.

All the Justices concurring.