HENRY STUNKLE v. JAMES H. HOLLAND.

No. 137.

1. JURISDICTION—*Lost Process*—*Presumption of Service.* When the original process in an action in the district court is lost and cannot be found, and the appearance docket recites that a summons was issued and returned "served," the presumption is that such return was regular and the service valid.

2. ———— *Positive Evidence Necessary to Overthrow Presumption of Service.* To overthrow the presumption of the validity of the service of original process and the return thereof, where the original papers are lost and cannot be found, positive testimony must be introduced sufficient to show that the summons was not in fact legally served, or that the return thereof was irregular. Evidence which merely casts doubt upon such service or return is not sufficient.

3. ———— *Not Disturbed by Doubtful Testimony.* To overthrow the presumption of the jurisdiction of the court to render any judgment which it did in fact render, positive testimony must be introduced sufficient to establish the lack of such jurisdiction. Evidence which merely casts a doubt upon such jurisdiction is not sufficient.

MEMORANDUM.—Error from Sumner district court; JAMES A. RAY, judge. Action in ejectment by James H. Holland against Henry Stunkle. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein was filed October 7, 1896.

The statement of the case, as made by DENNISON, J., is as follows:

This is an action in ejectment brought in the district court of Sumner county by James H. Holland against Henry Stunkle to recover the possession of the southwest quarter of section 11, township 30, range 1, west of the sixth principal meridian, in Sumner county, Kansas. The case was tried by the court without

a jury, and the following findings of fact, among others, were made:

"7. That the original papers in the said action of F. E. Bates & Co. against John T. Holland, Emma L. Holland and Henry Stunkle are lost and cannot be found, and that the appearance docket of Sumner county, Kansas, district court shows that in said action of F. E. Bates & Co. against John T. Holland and others that the summons issued out of said court in said action was returned 'served,' and said notation of the fact of said service of said summons appears on said appearance docket.

"8. That said action as aforesaid was commenced in the month of September, 1878, and for some time prior thereto the said John T. Holland and wife were living on the land described in the petition of the plaintiff, but some two or three weeks prior to the commencement of said action, as aforesaid, of F. E. Bates & Co. against John T. Holland, Emma L. Holland and Henry Stunkle the said John T. Holland and wife removed from the land described in the petition of plaintiff to other land in the vicinity thereof.

"9. That two or three weeks prior to the commencement of said action the said John T. Holland went from Sumner county, Kansas, into Sedgwick county, Kansas, and after the commencement of said action was seen in Sedgwick county, Kansas.

"10. That the deputy sheriff of Sumner county, Kansas, testified that he left in the possession of certain persons unknown to him, who were then residing on the premises described in the petition of plaintiff, two copies of the summons issued in said action of F. E. Bates & Co. against John T. Holland, Emma L. Holland, and Henry Stunkle, and that he reported the said fact of service in such manner to the person who was sheriff of Sumner county, Kansas, in 1878.

"11. That there was no evidence on the trial that the summons issuing out of the district court of Sumner county, Kansas, was not served upon the said John T. Holland in any other manner, and there was

no testimony on the trial that said John T. Holland was not served at any time after the commencement of the action, and before the rendition of the judgment in the case of F. E. Bates & Co. against John T. Holland, Emma L. Holland, and Henry Stunkle, otherwise than as stated in finding No. 10, and that the record in said case does show that the said defendants John T. Holland and Emma L. Holland were not brought into court by service by publication.''

From said findings of fact the court made the following, its first conclusion of law:

"1. That the district court of Sumner county, Kansas, did not acquire any jurisdiction of the person of John T. Holland by reason of the commencement of said suit and service of summons as hereinbefore found, and that said proceedings and said sheriff's sale as made in the case of F. E. Bates & Co. against John T. Holland, Emma L. Holland and Henry Stunkle are irregular, and that the sheriff's deed did not pass an absolute title to the land described in the petition of the plaintiff to the said Henry Stunkle.''

Whereupon judgment was rendered in favor of the plaintiff and against the defendant Henry Stunkle in the sum of $610.46, to which judgment plaintiff in error excepted and brings the case here for review.

*Stanley & Vermilion*, for plaintiff in error.

*W. W. Schwinn*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: The contention of the plaintiff in error is that the court erred in not rendering judgment for the said plaintiff in error on the findings of fact as made by the court, and alleging that the judgment should have been given for the plaintiff in error instead of the defendant in error. The first conclusion of law arrived at by the court is based upon the seventh,

eighth, ninth, tenth and eleventh findings of fact, and attacks the jurisdiction of the court over the person of John T. Holland in the foreclosure action of F. E. Bates & Co. against John T. Holland and others. According to those findings the original papers in said action were lost and could not be found. One of the original papers was the original process or summons. The appearance docket shows that a summons was issued and was returned "served," and said notation of the fact of said service of summons appears on said appearance docket.

The question for us to determine is, How was it served? The summons being lost, we are unable to say what the return was. The presumption is that it was served according to law. Now, what is there in the findings to overthrow that presumption? The finding is that two or three weeks prior to the commencement of said action John T. Holland and wife removed from the land described in the petition of plaintiff to other land in the vicinity thereof; that two or three weeks prior to the commencement of said action said John T. Holland went from Sumner county, Kansas, to Sedgwick county, Kansas, and, after the commencement of said action, was seen in Sedgwick county, Kansas. The court also found "that the deputy sheriff of Sumner county, Kansas, *testified* that he left in the possession of certain persons unknown to him, who were then residing on the premises described in the petition of plaintiff, two copies of the summons issued in said action, and that he reported the said facts of service in such manner to the person who was sheriff of Sumner county, Kansas, in 1878." The court also found that the record in said case showed that the said defendants John T. Holland and Emma L. Holland were not brought into court by service

by publication. The court also found that there was no evidence that the summons was not served upon said John T. Holland in any other manner nor at any time after the commencement of the action and before the rendition of the judgment. Upon a careful examination of the findings of fact we must hold that the first conclusion of law of the court, to wit: That the court "did not acquire jurisdiction of the person of John T. Holland by reason of the commencement of the suit and service of summons," is not warranted by said findings of fact.

It will be presumed, in the absence of any showing to the contrary, that the district courts have jurisdiction to render any judgment or order which it is shown that they in fact did render. All presumptions are in favor of the jurisdiction of the court. (*Carey v. Reeves*, 32 Kan. 723; *Head v. Daniels*, 38 id. 12; *English v. Woodman*, 40 id. 752.) Not only are the presumptions in favor of the jurisdiction of the court over the person of John T. Holland, but the appearance docket of the district court of Sumner county, Kansas, states that a summons was issued out of said court in said action, and returned "served," and the notation of the fact of service of said summons appears on said appearance docket. To overthrow the presumption of jurisdiction and the presumption of the legality of the service by the sheriff, the court finds that "two or three weeks prior to the commencement of the action the said John T. Holland went from Sumner county into Sedgwick county, Kansas, and after the commencement of said action was seen in Sedgwick county, Kansas." This was not a finding that he was not in Sumner county at the commencement of the action, or that service of summons was not regularly made upon him either in

said Sumner county or in Sedgwick county, Kansas. The court also finds that the deputy sheriff testified that he left copies of the summons in the possession of the unknown persons residing on the premises, and that he reported said fact of service in such manner to the person who was sheriff of Sumner county, Kansas, in 1878. This is not a finding that the sheriff of Sumner county accepted the report of the deputy as to the above service and made his return thereon upon such statement. There is no attempt made to show whether the sheriff's return recited that the service was made by delivering a copy to the defendants in person, or whether it was made by leaving a true copy at their usual place of residence. For all that appears to the contrary, the sheriff made a legal service of the summons and his return would show such service. The return of the sheriff upon original process is a very high class of evidence, tending to support the truth of such return. The presumption is that such return was regular and showed a valid service upon John T. Holland and Emma L. Holland. There is no attempt in this action to show that such was not the return of the sheriff; there was no attempt to show by John T. Holland or Emma L. Holland that they were not regularly and legally served, and the court finds that there was no testimony on the trial that the summons was not served in any other manner than as testified to by the deputy sheriff, and that there was no testimony that the said John T. Holland was not served at any time after the commencement of the action and before the rendition of the judgment.

The most that can be claimed for the ninth and tenth findings of fact is that they raise a doubt as to whether the summons was served upon them in Sumner

county or in Sedgwick county, and whether or not the only service might not have been the leaving of the two copies by the deputy sheriff with the unknown persons residing upon the premises sought to be foreclosed. This certainly is not sufficient to overcome the presumption in favor of the jurisdiction of the court to render the judgment of foreclosure, and is not sufficient to overcome the presumption of the regularity and validity of the sheriff's return, and is not sufficient to overthrow the return of the sheriff.

It is not necessary to notice the other assignments of error, for the reason that our views upon the question of jurisdiction will compel t'.e rendition of a judgment in favor of the plaintiff in error.

The judgment of the district court is reversed, and the case remanded, with instructions to render a judgment in favor of this plaintiff in error, Henry Stunkle, and against the defendant in error, James H. Holland, for costs.

All the Judges concurring.