NOT DESIGNATED FOR PUBLICATION

No. 114,004

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Petition of

R.M. and R.B.,
for a Writ of Habeas Corpus
by and through their mother and next friend, H.M.

MEMORANDUM OPINION

Appeal from Trego District Court; GLENN R. BRAUN, judge. Opinion filed February 19, 2016.
Affirmed.

*Daniel C. Walter*, of Walter & Walter, LLC, of Norton, for appellant natural mother.

*Barbara J. Clinkscales*, of Kansas Department for Children and Families, of Hays Service Center,
for appellee.

Before ARNOLD-BURGER, P.J., GREEN and STANDRIDGE, JJ.

*Per Curiam*: H.M. appeals the trial court's dissolution of her writ of habeas corpus
as premature. On appeal, H.M. argues that her habeas corpus petition was timely filed.
Moreover, H.M. argues that the Kansas Department for Children and Families (DCF) is
interfering with her fundamental right as a parent to raise her children in violation of the
Due Process Clause of the Fourteenth Amendment to the United States Constitution.
Specifically, H.M. alleges that DCF is illegally restraining her children because: (1) she is
in a same-sex relationship; (2) the trial court failed to comply with K.S.A. 2014 Supp. 38-
2264(e) in her children's child in need of care (CINC) cases; and (3) judicial estoppel
precludes the State from prosecuting her children's CINC cases. Nevertheless, we
determine that the trial court correctly dissolved the writ as premature because H.M.

1

failed to exhaust available ordinary remedies before filing her habeas corpus petition. Accordingly, we affirm without addressing the merits of H.M.'s arguments.

In June 2013, H.M.'s two minor children, R.M. and R.B., were adjudicated CINC and removed from H.M.'s custody. R.M.'s and R.B.'s CINC cases are in the Ellis County trial court. The documents and hearing transcripts associated with those cases are not included in the record on appeal. Nevertheless, neither party disputes that R.M.'s and R.B.'s CINC cases were initiated after R.M. was physically injured while left in the care of J.B., H.M.'s same-sex partner. J.B. was initially charged with committing felony child abuse but ultimately pled no contest to three counts of misdemeanor child endangerment.

On December 29, 2014, H.M. filed a petition for writ of habeas corpus on behalf of R.M. and R.B. with the Ellis County trial court. H.M. alleged that the State of Kansas, acting through the Ellis County Attorney, was illegally restraining R.M. and R.B. H.M. alleged that the State was violating her due process right to raise her own children by illegally restraining her children under the "pretense" that they were CINC. H.M. asserted that the State was preventing her from having contact with her children solely because she was in a same-sex relationship, not because they were CINC. Moreover, H.M. asserted that the trial court should issue a writ of habeas corpus because: (1) in her children's CINC cases, the trial court failed to comply with K.S.A. 2014 Supp. 38-2264(e); and (2) "the State [was] estopped from proceeding with the CINC action by reason of its unsubstantiation [*sic*] on July 3, 2013." Regarding this last point, it seems H.M. argued that the State could not proceed with her children's CINC cases because DCF had previously found allegations that she failed to supervise R.M. and neglected R.B. to be unsubstantiated. H.M. also explained that the State had told her that it planned to terminate her parental rights.

The trial court issued the writ of habeas corpus and scheduled a hearing on the writ. The Ellis County Attorney responded that the trial court should dissolve the writ.

The Ellis County Attorney argued that the she was not the proper party to the action because she neither had legal nor physical custody of R.M. and R.B.

On January 27, 2014, the trial court held a hearing on the writ. The transcript of this hearing is not included in the record on appeal, but according to the trial court's journal entry, both parties made arguments at this hearing. The trial court ruled that the writ should have been directed at DCF, not the Ellis County Attorney, because DCF had legal custody of the children. Yet, the trial judge did not dismiss H.M.'s petition. Instead, the trial judge granted H.M. leave to amend her petition and transfer venue.

Following this hearing, H.M. moved to transfer venue to the Trego County trial court. H.M. explained that Trego County was the proper venue because DCF placed R.M. and R.B. with their maternal grandmother who lived in Trego County. The trial court granted H.M.'s motion. H.M. then filed an amended petition for writ of habeas corpus in the Trego County trial court. In this petition, H.M. asserted that DCF, through its contracted agent Saint Francis Community Services (SFCS), was illegally restraining R.M. and R.B in Trego County. H.M. also restated her arguments from her original petition.

The trial court issued the writ. DCF responded that R.M. and R.B. were legally in its custody given that both had been adjudicated CINC. DCF asserted that the trial court should dissolve the writ because habeas corpus was an extraordinary remedy that should be used only when the petitioner had no other available remedies. DCF argued that habeas corpus was unavailable to H.M. because H.M. could still raise the arguments within her habeas corpus petition in her children's pending CINC cases. SFCS also responded, arguing that habeas corpus was unavailable to H.M. because she had failed to exhaust her available remedies in her children's pending CINC cases.

3

On May 14, 2015, the trial court held a nonevidentiary hearing on the writ. The trial court ruled that H.M. had filed her petition for habeas corpus prematurely because she had not exhausted other available remedies. Citing *Cosgrove v. Kansas Dept. of S.R.S.*, 14 Kan. App. 2d 217, 786 P.2d 636, *rev. denied* 246 Kan. 766 (1990), the trial court recognized that H.M. could not file a habeas corpus petition on behalf of her children after the possible termination of her parental rights. Nevertheless, the trial court explained that because her children's CINC cases were still pending, H.M. was required to raise her arguments within those CINC cases before she could use habeas corpus. As a result, the trial court ruled that it erred by issuing the writ and ordered that the writ be dissolved.

*Did the Trial Court Err by Dissolving the Writ of Habeas Corpus?*

H.M. argues that the trial court erred by dissolving the writ of habeas corpus as premature. H.M. additionally argues that the issuance of the writ of habeas corpus was proper because she has a "due process right to raise her own children." H.M. argues that DCF is illegally interfering with this right by restraining her children for the following reasons: (1) that DCF, acting through SFCS, is preventing her from seeing her children solely based on her sexual orientation; (2) that the trial court failed to comply with the permanency hearing requirement under K.S.A. 2014 Supp. 38-2264(e) within her children's CINC cases; and (3) that the State is judicially estopped from prosecuting her children's CINC cases given that (a) DCF found certain allegations to be unsubstantiated and that (b) DCF failed to exhaust its administrative remedies. Our consideration of these arguments, however, are unnecessary if the trial court correctly dissolved the writ as premature.

*Applicable Law and Standard of Review*

"[T]he Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66, 120 S. Ct. 2054, 147 L. Ed. 2d 49 (2000). K.S.A. 2014 Supp. 60-1501 allows "any parent, guardian, or next friend for the protection of infants or allegedly incapacitated or incompetent persons, physically present in this state" to "prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place."

Nevertheless, "[h]abeas corpus is an extraordinary legal remedy, and it should not be used when relief may be obtained by ordinary procedure." *Foster v. Maynard*, 222 Kan. 506, 513, 565 P.2d 285 (1977). Moreover, "the remedy afforded by habeas corpus is not a substitute for appeal, and a petitioner should first exhaust his [or her] ordinary remedies. Such a rule is so well recognized that it does not require citation of authorities." *Wilcox v. Fisher*, 163 Kan. 74, 80, 180 P.2d 283 (1947). When a petitioner fails to exhaust ordinary remedies before filing a petition for writ of habeas corpus, the court lacks jurisdiction to consider the merits of the petitioner's arguments. See *Corter v. Cline*, 42 Kan. App. 2d 721, Syl. ¶ 4, 217 P.3d 991 (2009).

Whether a habeas corpus petitioner has failed to exhaust ordinary remedies is a question of law subject to unlimited review. *Boyd v. Werholtz*, 41 Kan. App. 2d 15, 16, 203 P.3d 1 (2008).

*H.M. Failed to Exhaust Ordinary Remedies*

On appeal, H.M. argues that the trial court erred in ruling that her habeas corpus petition was premature based on this court's holding in *Cosgrove*. In *Cosgrove*, this court held:

5

"After a final termination of parental rights under the juvenile code, the right to file a petition for writ of habeas corpus in behalf of the child in an effort to challenge the validity of the severance proceeding is conferred on the child's legal guardian or adoptive parents and that right is not available to the parent or parents whose parental rights have been severed." 14 Kan. App. 2d 217, Syl. ¶ 2.

Accordingly, H.M. argues that if she did not file her habeas corpus petition now before her parental rights are potentially terminated, she would never be able to bring her habeas corpus action.

DCF counters that H.M. must raise her arguments within the confines of her children's pending CINC cases. As proof that H.M. can raise these issues in her children's CINC cases, DCF alleges that H.M. already raised these arguments in her children's CINC cases following the filing of her habeas corpus petition. In its brief, DCF has attached the State's response to a motion to dismiss filed by H.M. in her children's Ellis County CINC cases. This response, which was filed in August 2015, indicates that H.M. moved to dismiss her children's CINC cases because of the following reasons: (1) that SFCS had prevented her from seeing her children based on her sexual orientation; (2) that the trial court had failed to comply with K.S.A. 2014 Supp. 38-2264(e); and (3) that judicial estoppel precluded the State from prosecuting her children's CINC cases.

In deciding this case, however, this court cannot consider the State's response attached to DCF's brief. Documents attached to an appellate brief that are not otherwise found in the record on appeal may not be considered by an appellate court. See *Dillon Companies v. Davis*, 39 Kan. App. 2d 444, 446, 181 P.3d 570, *rev. denied* 286 Kan. 1177 (2008). But, during oral arguments, H.M.'s counsel stated that H.M. had raised the before-mentioned habeas corpus arguments in her children's CINC cases. Because H.M. has raised these same arguments in her children's CINC cases, she has obviously failed to exhaust her ordinary remedies.

6

In summary, because the arguments raised in H.M.'s habeas corpus petition have also been raised in her children's CINC cases, she has failed to exhaust her available remedies through the ordinary course of her children's CINC cases. As a result, we determine that the trial court properly dissolved the writ of habeas corpus as premature.

Affirmed.