NOT DESIGNATED FOR PUBLICATION

No. 116,444

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of

DAVID W. THAYER.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed June 16, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

*Per Curiam*:  This is an appeal by David W. Thayer, who is currently a resident in the Kansas Sexual Predator Treatment Program. Thayer appeals from the district court's ruling that probable cause did not exist to believe that his mental abnormality or personality disorder had so changed that he was safe for placement in transitional release. Upon our review, we conclude the district court did not err in its ruling. Accordingly, we affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 2003, the district court committed Thayer to the Kansas Sexual Predator Treatment Program in accordance with K.S.A. 59-29a01, *et seq*. On December 16, 2014, Keri Applequist, a Larned counselor, completed an examination of Thayer for

1

his annual report as required under K.S.A. 2016 Supp. 59-29a08. Applequist recommended that Thayer not be placed in transitional release: "Mr. Thayer is not engaged in the treatment program and has not made progress in treatment since the last reporting period. He has not moved through a phase or been assigned to another phase; remaining on Phase Three." Of note, the Kansas Sexual Predator Treatment Program has seven phases, and phase three focused on internalizing sexual behavior changes.

On December 19, 2014, in the department's annual report to the district court, the Secretary of the Kansas Department for Aging and Disability Services notified Thayer that she would not recommend his transfer to transitional release. The Secretary advised Thayer of her conclusion that his "mental abnormality or personality disorder ha[d] not changed sufficiently so that it would be safe for [him] to be at large or that [he] would be unlikely to engage in acts of violence if discharged." The Secretary's notice requested that Thayer acknowledge whether he would challenge the Secretary's conclusion or waive his right to challenge it in district court. Thayer, however, refused to provide any acknowledgment.

Thayer ultimately challenged the Secretary's decision not to recommend his transitional release in the district court. After Thayer's filing, the district court appointed Thayer an attorney who filed two motions on his behalf. First, Thayer's attorney asked that Thayer be personally present at his annual review hearing. Second, Thayer's attorney requested that the district court appoint an independent evaluator to examine Thayer because this examination "would provide a more thorough and reliable basis for [the] annual review process."

The State opposed both motions. In particular, the State argued against any appointment of an independent evaluator because Thayer was only on phase three of the seven-phase program as memorialized in the annual report. As required under K.S.A.

2

2016 Supp. 59-29a08(a), the annual report, which consisted of Applequist's examination and recommendation, had previously been filed with the district court.

On August 10, 2015, the district court held a status conference on Thayer's motions. The State's attorney and Thayer's attorney were present at this hearing. It appears the status conference was not recorded; however, a journal entry memorializing the results of the conference was prepared. The journal entry stated that Thayer's request to be present at his annual review hearing was granted, but the district court denied Thayer's request for an independent evaluation. In this regard, the journal entry explained: "The Court agrees with the State that the appointment of an independent evaluator is discretionary and based upon the Court's review of the Respondent's annual report, the Court finds it is not necessary at this time." The journal entry of the status conference was prepared by Thayer's attorney.

On September 2, 2015, the district court held Thayer's annual review hearing. At the hearing, the State asked the district court to take judicial notice of the annual report because it was part of the court's records. Thayer objected because Applequist was not present to testify about the report. Thayer also argued that because he disputed certain facts within the report, the district court could not take judicial notice of the report without violating K.S.A. 60-409. The district court overruled the objection concluding that, for purposes of the hearing, it was required to consider the report.

At the conclusion of the hearing, the district court ruled Thayer had failed to establish probable cause to believe that his mental abnormality or personality disorder had changed as required to receive a full evidentiary hearing on transitional release. Despite this finding, however, the district court allowed Thayer to testify on his own behalf about why he believed that he was entitled to an evidentiary hearing. During his testimony, Thayer admitted that he was only on phase three of the program. After Thayer testified, the district court stated that his testimony only confirmed that he was not ready

3

for transitional release because of his concession that he was still on phase three of the seven-phase program.

Thayer timely appealed.

DISTRICT COURT'S DENIAL OF AN INDEPENDENT EVALUATION

Thayer contends the district court violated his procedural due process rights at the status conference hearing when it denied his request for an independent evaluation without a transcript or sufficiently particularized journal entry of the hearing. Thayer concludes that "[w]ithout an adequate record, there can be no 'meaningful review,' much less a meaningful hearing, which is a requirement of due process."

The State responds that Thayer did not make any due process arguments in the district court and, therefore, should not be permitted to raise these arguments for the first time on appeal. The State also asserts that Thayer's counsel prepared the proposed journal entry of the status conference hearing and Thayer had the responsibility to timely object to any insufficiency in the district court's findings.

In fact, the journal entry was prepared by Thayer's counsel and signed by the State's attorney, Thayer's attorney, and the district court. Regarding Thayer's motion for an independent evaluation, the journal entry stated:

> "Respondent's Motion for Independent Evaluation is denied at this time. The Court agrees with the State that the appointment of an independent evaluator is discretionary and based upon the Court's review of the Respondent's annual report the Court finds it is not necessary at this time."

At the outset, we state our standards of review: "'[W]hether due process was provided under specific circumstances raise[s] [an issue] of law, and an appellate court's

4

review is unlimited.'" *In re Care & Treatment of Ellison*, 304 Kan. 519, 533, 385 P.3d 15 (2016) (quoting *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, 1272, 136 P.3d 457 [2006]). To the extent Thayer's challenge involves the interpretation and application of Kansas Supreme Court rules, Thayer's challenge also raises an issue of law over which this court's review is unlimited. *Fischer v. State*, 296 Kan. 808, 814-15, 295 P.3d 560 (2013).

We first address the State's objection to our consideration of this constitutional issue for the first time on appeal. As a general proposition, issues not raised before the trial court may not be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). Indeed, even constitutional grounds for reversal asserted for the first time on appeal are not properly before an appellate court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). Although there are exceptions to this rule, Thayer does not inform us of any exceptions that are applicable in this case. See *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008).

Moreover, the Kansas Supreme Court Rules are relevant in determining whether this issue is properly before us. Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) requires appellants to begin each issue with a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. And if the issue was not raised below, "there must be an explanation why the issue is properly before the court." Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 35).

In the present appeal, Thayer does not comply with this requirement. This omission is important. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), our Supreme Court held that litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. Thereafter, the Supreme Court held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

5

We should also mention that Kansas Supreme Court Rule 3.04(a) (2017 Kan. S. Ct. R. 23) provides a way for parties to recreate the substance of a hearing in the event a transcript is unavailable. Although the plain language of Supreme Court Rule 3.04(a) provides that parties may take certain steps to recreate the transcript, our court has determined that parties are required to take steps to recreate an unavailable transcript when the parties' allegations of error stem from something that occurred during the hearing for which the transcript is unavailable. See *Dillon Companies v. Davis*, 39 Kan. App. 2d 444, 445-46, 181 P.3d 570 (2008); *Myers v. Penmac Personnel Services*, No. 97,966, 2007 WL 4246895, at *2 (Kan. App. 2007) (unpublished opinion). As a result, under Supreme Court Rule 3.04(a), if unavailable transcripts are important to appellants' cases, then the appellants must take the steps necessary to recreate the transcripts for the appellate record. In this appeal, we have no indication that Thayer employed the provisions of Supreme Court Rule 3.04(a) to recreate a record of the status conference hearing.

On the record before us, Thayer has not even asserted that this due process issue was ever raised in the district court or argued why we should consider it for the first time on appeal. As a result, we find this issue is waived or abandoned.

We note that even if Thayer had properly preserved this issue for appeal, it would not have constituted reversible error. As Thayer candidly concedes in his brief: "To be sure, it is not unusual for a motion or request by a party to litigation to be disposed of without a recorded hearing and by journal entry only." There is no suggestion that Thayer objected to an absence of a court reporter or recording equipment at the status conference. Additionally, Thayer's counsel prepared the journal entry of the hearing and, as a consequence, there is no reason for the document to contain insufficient findings.

Moreover, Thayer's argument that there were insufficient factual findings supporting the district court's conclusions of law fails to take into account that he never objected to any lack of findings below. Our Supreme Court has held that "[w]ith no objection to inadequate factual findings, the trial court is presumed to have made all necessary factual findings to support its judgment." *Drach v. Bruce*, 281 Kan. 1058, Syl. ¶ 5, 136 P.3d 390 (2006). As a result, Thayer had a duty to cure any inadequacies in the record. By failing to make such an objection, however, we presume the district court's factual findings were adequate. *Drach*, 281 Kan. 1058, Syl. ¶ 5.

Finally, we disagree with Thayer's claim that the journal entry was insufficient. The district court stated that it based its decision to not appoint an independent evaluator on its review of the annual report. That report indicated that Thayer was not engaged in the treatment program, had not made progress in his treatment since the prior reporting period, and remained in phase three with several phases needed to be completed before he could begin the transition period. The basis for the district court's ruling is apparent.

JUDICIAL NOTICE OF THE ANNUAL REPORT

For his second issue, Thayer complains that the district court violated his due process rights by taking judicial notice of the annual report at the annual review hearing. In particular, Thayer rhetorically asks, "does the Court have authority to take judicial notice of the Annual Report under K.S.A. 59-29a08, or does Due Process or other constitutional protections, require the author of the Annual Review be available for examination as a prerequisite to the report's admission into evidence?"

The State counters that to the extent Thayer's argument asserts a due process violation, this argument is not properly before our court because Thayer's objection to admission of the annual report in the district court was based solely on statutory, not constitutional, grounds. As to Thayer's statutory argument, the State argues that the plain

7

language of K.S.A. 2016 Supp. 59-29a08(a) outlines the procedural rules for the annual review hearing. The State asserts that the "text and structure of K.S.A. 59-29a08 confirm that a district court . . . may consider an annual report without requiring the expert who prepared the report to testify."

The record shows that Thayer objected to the admission of the annual report based on statutory grounds. As memorialized in the journal entry filed later, the district court explained its ruling:

> "WHEREUPON, the Court upon judicial notice, at the request of the state, over Respondent's objection, allows for the admission of the annual report dated December 16, 2014, conducted by Keri Applequist, MS., L.C.P. without requiring her to testify."

We first address the State's objection to our consideration of Thayer's due process argument. Upon our review of the transcript of the review hearing, Thayer argued that taking judicial notice of the annual report was a violation of K.S.A. 60-409(b). But he did not object to admission of the report on due process grounds. As discussed earlier, claims regarding constitutional grounds for reversal are not properly raised before this court for the first time on appeal. *Bussman*, 298 Kan. at 729. Moreover, Thayer has failed to explain why this argument may be raised for the first time on appeal, which is a requirement of Supreme Court Rule 6.02(a)(5). See also *Godfrey*, 301 Kan. at 1043. Thus, to the extent Thayer's argument involves a due process challenge, this argument is waived or abandoned.

With regard to challenges to the admission of evidence, a brief summary of our standards of review is necessary. Usually a court must first determine whether the evidence is relevant. See K.S.A. 60-407(f); K.S.A. 60-401(b); *State v. Page*, 303 Kan. 548, 550, 363 P.3d 391 (2015). On appeal, Thayer does not challenge the relevance of the annual report. Even if evidence is relevant, however, a trial court has discretion to

8

exclude it where the court finds its probative value is outweighed by its potential for producing undue prejudice. See K.S.A. 60-445; *State v. Lowrance*, 298 Kan. 274, 291, 312 P.3d 328 (2013). Once again, Thayer does not contend the report was more prejudicial than probative.

Instead, Thayer takes issue with the district court's admission of the report in accordance with K.S.A. 2016 Supp. 59-29a08(a) and K.S.A. 60-409(b). Generally, statutory rules are applied as a matter of law or as an exercise of the trial court's discretion, depending on the applicable rule. *State v. Bowen*, 299 Kan. 339, 348, 323 P.3d 853 (2014). The standard of appellate review will vary accordingly. An appellate court exercises de novo review of a challenge to the adequacy of the legal basis of a district judge's decision on admission or exclusion of evidence. 299 Kan. at 349. Moreover, the erroneous admission of evidence is subject to review for harmless error under K.S.A. 2016 Supp. 60-261. See *State v. Longstaff*, 296 Kan. 884, 895, 299 P.3d 268 (2013). Finally, interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

On appeal, as he did below, Thayer argues that the district court erred in admitting the annual report under K.S.A. 2016 Supp. 59-29a08(a) and K.S.A. 60-409(b). We consider both statutes in order.

*K.S.A. 2016 Supp. 59-29a08*

After an individual is civilly committed as a sexually violent predator, the person is entitled to an annual review hearing under K.S.A. 2016 Supp. 59-29a08 to determine whether the individual is ready for transitional release. That statute provides, among other things, for an annual examination of the person's mental condition and for the forwarding of the annual report regarding that examination to the district court that committed the

individual to the program. Kansas law then requires that the district court "conduct an annual review of the status of the committed person's mental condition." K.S.A. 2016 Supp. 59-29a08(a). If the district court determines at the annual review "that probable cause exists to believe that the person's mental abnormality or personality disorder has so changed that the person is safe to be placed in transitional release, then the court shall set a hearing on the issue." K.S.A. 2016 Supp. 59-29a08(c). The statute clearly provides that the committed person shall be present at this hearing and the State and the committed person shall have the opportunity to conduct additional expert evaluations and present evidence.

In overruling Thayer's objection, the district court explained:

"In order for the Court to make an annual review it has to be presented with information about Mr. Thayer's progress or lack thereof, during the review period. The Court is required to review the report and have that information in light of the fact that Mr. Thayer has the burden to establish that there is probable cause to believe that his mental condition has changed during this last review period such that there will be probable cause to believe that he would be safe to be placed in transitional release. Without the Court having the ability to consider that report, the Court cannot make an informed decision. Therefore, the Court would take judicial notice of the submission of the report."

We are required to construe a statute presuming that the legislature did not intend to enact meaningless legislation. *In re Marriage of Traster*, 301 Kan. 88, 98, 339 P.3d 778 (2014). Construing K.S.A. 2016 Supp. 59-29a08(a)'s language requiring the Secretary to forward the annual report to the district court as meaning something other than the district court should consider that report at the annual review hearing would render the purpose of forwarding the report to the court meaningless. Based on the plain language and procedural structure of K.S.A. 2016 Supp. 59-29a08(a), it is readily apparent that the annual report shall be forwarded to the district court so it can be considered by the court at the annual review hearing.

10

Indeed, our understanding of K.S.A. 2016 Supp. 59-29a08(a) is supported by our Supreme Court's analysis in *In re Care & Treatment of Burch*, 296 Kan. 215, 291 P.3d 78 (2012). In *In re Care & Treatment of Burch*, our Supreme Court held that the annual review hearing is "*not* an evidentiary hearing." (Emphasis added.) 296 Kan. 215, Syl. ¶ 6. Instead, the Supreme Court compared the district court's decision whether to grant an evidentiary hearing on the possibility of transitional release at the annual review hearing to the district court's decision whether to grant an evidentiary hearing on K.S.A. 60-1507 motions. 296 Kan. at 222-23.

*In re Care & Treatment of Burch* is helpful to our analysis in two ways. First, because annual review hearings are not evidentiary hearings, there is no imperative that evidentiary rules should be applied to the district court's review and consideration of the annual report. Second, the comparison of annual review hearings as provided in K.S.A. 2016 Supp. 59-29a08(a) to preliminary hearings as provided in K.S.A. 60-1507 motions is illuminating. In K.S.A. 60-1507 cases, the motions, records, and court files of a movant's case may be considered by the district court. Similarly, K.S.A. 2016 Supp. 58-29a08(a) suggests the annual report constitutes a file in each committed person's case that the legislature requires the district court to consider. Thus, similar to a K.S.A. 60-1507 motion, when the district court considers a committed person's annual report, the district court may do so because the report constitutes a file in that person's court case.

*K.S.A. 60-409*

Next, we consider whether the district court erred in concluding that it could take judicial notice of Thayer's annual report. While Thayer complains that K.S.A. 60-409, the statute which codifies judicial notice, does not apply in this case, Kansas case law permits a district court to take judicial notice of its own records. See *Wentland v. Uhlarik*, 37 Kan. App. 2d 734, 739, 159 P.3d 1035 (2007); *State v. Shaffer*, 14 Kan. App. 2d 282, 283-84, 788 P.2d 1341 (1990). As discussed earlier, K.S.A. 2016 Supp. 59-29a08(a)

11

provides that the annual report shall be forwarded to the district court which ordered the commitment. As a result, the annual report was necessarily made a part of the district court's file and records of the case. Under these circumstances, Kansas case law allows the district court to take judicial notice of the annual report at the review hearing.

Finally, we should note that if the admission of the report was error, it was still subject to harmless error analysis. See K.S.A. 2016 Supp. 60-261; *Longstaff*, 296 Kan. at 895; *In re Care & Treatment of Quary*, 50 Kan. App. 2d 296, 304-05, 324 P.3d 331 (2014). Although not in keeping with ordinary procedure at a review hearing, at Thayer's request, the district court allowed him to testify on his own behalf. During his testimony, Thayer admitted that he was still on phase three of the seven-phase treatment program. In this way, apart from consideration of the annual report, Thayer's own testimony provided a basis for the district court's finding that he had failed to show probable cause to believe that his mental condition had so changed that he was entitled to an evidentiary hearing. Thus, regardless of whether the annual report was improperly admitted into evidence, Thayer's testimony confirmed that he was not ready for transitional release. As a result, any error that the district court could have made by taking judicial notice of the annual report would be harmless.

Affirmed.